Case 1:22-cv-00061   Document 5   Filed on 06/01/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SCOTT W. HESS, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:22-cv-61 | |
| § | | |
| STATE OF TEXAS, § | | |
|    Defendant. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 26, 2022, Plaintiff Scott W. Hess filed a complaint against the State of Texas. Dkt. No. 1. Hess alleges that he was subjected to a fraudulent criminal process, leading to an eventual conviction. Hess has filed to proceed in forma pauperis. Dkt. No. 2.

The Court has a statutory obligation to screen all IFP cases. 28 U.S.C. § 1915(e)(2). After reviewing the record and the relevant case law, it is recommended that the petition be dismissed with prejudice to refiling until Hess's underlying criminal conviction has been vacated. Hess's complaint raises serious issues that would necessarily undermine a related criminal conviction. Until such time that Hess's conviction is overturned or otherwise called into question, his claims are not cognizable.

**I. Background**

    **A. Factual Background**

Hess alleges that he was mistakenly arrested for indecent exposure after an incident at a local hotel. Dkt. No. 1, p. 3. He claims that the psychiatric reports generated in his state criminal case were fraudulent. Id., p. 5. Hess also claims that his defense attorney was not the man who was appointed by the Court. Id., p. 8. Hess further claims that the transcripts of his guilty plea have been "manipulated" and "falsified." Id., p. 10. In short, Hess alleges that he was subjected to an unconstitutional and fraudulent process that led to him being convicted of a crime that he did not commit.

Hess initially attacked his conviction via an application for a writ of habeas corpus within the state courts. Dkt. No. 1-10. On February 5, 2014, the Texas Court of Criminal

Appeals denied that application. In re: Scott William Hess, Case No. WR-80,585-01 (Feb. 5, 2014).

Hess has previously filed a § 2254 habeas petition, attacking the validity of the same conviction. Hess v. Davis, Civil Case No. 1:13-190, Dkt. No. 1 (S.D. Tex. 2013).[1] The Court denied the petition and denied the issuance of a certificate of appealability. Id., Dkt. No. 114. The Fifth Circuit also denied the issuance of a certificate of appealability and dismissed the appeal. Id., p. 137. There is no indication in the record that his conviction has been overturned since that time.

### B. Procedural History

On May 26, 2022, Hess filed a complaint against the State of Texas. Dkt. No. 1. He does not clearly identify the relief sought. He appears to be asking to have his conviction overturned, but does not state what statute he seeks relief under. Dkt. No. 1-1. However, in the civil cover sheet with his complaint, he identified his claim as arising under the Americans With Disabilities Act. Dkt. No. 1-2. As such, that allegation must considered in turn.

## II. Applicable Law

### A. In Forma Pauperis

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] The undersigned recused himself from that case after Hess accused the undersigned of conspiring with the state court judge to undermine his case. Hess v. Davis, Dkt. No. 17, p. 5. Hess has not raised similar claims in his complaint, for which reason the recusal is not required. .

28 U.S.C. § 1915(e)(2) (emphasis added). See Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous in forma pauperis complaint is proper).

"A complaint is frivolous if it lacks an arguable basis in law or fact." Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998). Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). Rhine v. City of Mansfield, 499 Fed. App'x. 334, 335 (5th Cir. 2012) (unpubl.) (citing Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998)).

### B. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." Shepherd on behalf of Estate of Shepherd v. City of Shreveport, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Anderson v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008)). This represents a change from the previous standard, which merely required a plaintiff to show that "any set of facts or any possible theory he may prove [would be] consistent with the [legal] allegations in the complaint." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters

3

of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

    **C. Claim Preclusion**

A litigant's civil claim may not proceed if "a judgment in a plaintiff's favor would necessarily imply the invalidity of" an existing criminal conviction. Johnson v. Thibodaux City, 887 F.3d 726, 732 (5th Cir. 2018) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Thus, before any such claim can proceed, the plaintiff must show that "the conviction was reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus." Johnson, 887 F.3d at 732.

If the Court dismisses a complaint as not being cognizable under Heck, then the dismissal should be "with prejudice to their being asserted again until the Heck conditions are met." Cook v. City of Tyler, Texas, 974 F.3d 537, 539 (5th Cir. 2020).

This does not impact the statute of limitations for any claims. If a claim is barred by Heck, the cause of action "does not accrue until the conviction or sentence has been invalidated." Ortiz-Lopez v. Fed. Bureau of Prisons, Dir., 830 F. App'x 127, 133 (5th Cir. 2020).

**III. Analysis**

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Even with the benefit of liberal construction, Hess has not identified the basis for relief in this case. As the Court views the complaint, there are two possible claims made: (1) a claim asking the Court to declare his conviction to be invalid and (2) a claim under the Americans With Disabilities Act. Both claims fail, albeit for different reasons.

As to any claim seeking to have the conviction declared invalid, Hess has already been released from incarceration for his underlying conviction. See Dkt. No. 1-1, p. 2 (stating that his sentence has been discharged). The Court has no jurisdiction to entertain a collateral attack on a sentence that has already been completed. Romero v. Davis, 813 Fed. App'x 930, 932 (5th Cir. 2020) (citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989)). Hess has invoked FED. R. CIV. P. 60(b) in this case, which is a motion for relief from judgment. Dkt. No. 1-1. Hess has not identified which judgment he is seeking relief from. If he is seeking relief from the state court judgment, this Court lacks jurisdiction to grant such relief. Jackson v. State of Texas, 2016 WL 3339767, at *1 (S.D. Tex. June 9, 2016) ("Rule 60(b) of the Federal Rules of Civil Procedure does not apply to judgments entered by a state court"). The case should be dismissed on that basis.

As to the second claim, Hess stated on the civil cover sheet that his claim arose under the Americans With Disabilities Act.[2] Dkt. No. 1-2. Reading his complaint liberally, Hess claims that he was subjected to a fraudulent criminal proceeding, apparently as a result of his mental illnesses. See Dkt. No. 1, p. 10 (noting that Hess has been on psychiatric medications since 1982). This claim fails because the existence of the conviction precludes the Court from considering the merits of his claim.

A civil judgment in this case in Hess's favor would necessarily imply that he did not commit the crime of indecent exposure. On the other hand, his pleading guilty to the offense stands as an admission that he committed the offense. In short, his claims are inseparable from and contrary to his underlying conviction.

---

[2] "To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." Melton v. Dallas Area Rapid Transit, 391 F.3d 669, 671-72 (5th Cir. 2004). The Court views the allegations in the complaint largely as fantastical and delusional, for which reason, it is under no obligation to accept such claims as true. Diaz v. Abbott, 706 F. App'x 205, 206 (5th Cir. 2017). In any event, the Heck claim preclusion bar means the Court does not need to reach the issue of whether Hess's fantastical allegations have stated a claim to relief under the ADA.

The Fifth Circuit has held that "when a plaintiff's claim is based solely on his assertions that he ... did nothing wrong, and was attacked by the officers for no reason, that suit squarely challenges the factual determination that underlies his conviction and is necessarily at odds with the conviction." Aucoin v. Cupil, 958 F.3d 379, 383 (5th Cir, 2020) (cleaned up)[3].  In other words, if the factual narrative of the civil complaint is wholly at odds with the underlying conviction, the claim is barred by Heck until the conviction is overturned or called into question.

This doctrine typically arises in the context of § 1983 claims for damages. Heck, 512 U.S. at 487.  But it also arises for claims for declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  Furthermore, several district courts have held that it applies to claims made under the ADA, if such claims call into question the validity of an underlying criminal conviction. See Althouse v. U.S., 2022 WL 892696, at *3 (N.D. Tex. Mar. 4, 2022), R&R adopted, 2022 WL 891106 (N.D. Tex. Mar. 25, 2022) (collecting cases).  The same holds true in this case: no matter how Hess styles his claim, it is an attack on the validity of his conviction and should be barred until that conviction has been overturned.

If Hess were to prevail at trial in this case, "he will have established that his criminal conviction lacks any basis." DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) (quoting Arnold v. Slaughter, 100 Fed. App'x. 321, 324 (5th Cir.2004) (unpublished)).  Hess has not shown that his underlying conviction has been legally disturbed in any way, which means that his current case must be barred by Heck.  The application of Heck dictates that his claims are not cognizable, regardless of any underlying factual merit to the claims. Hoog-Watson v. Guadalupe Cty., Tex., 591 F.3d 431, 434 (5th Cir. 2009).

---

[3] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Brownback v. King, -- U.S. ---, 141 S. Ct. 740 (2021) (using "cleaned up").

Accordingly, this claim should be dismissed as being barred by Heck.  The Fifth Circuit has stated that its "preferred" dismissal language is that "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007).

In the event that Hess can demonstrate that his conviction has been reversed, expunged, or declared invalid, he can return to Court.

## IV. Recommendation

It is recommended that to the extent that Plaintiff Scott W. Hess is collaterally attacking his conviction, his claims should be dismissed without prejudice for lack of jurisdiction.

To the extent that Hess is raising a civil claim under the Americans With Disabilities Act, it is recommended that Hess's claims be dismissed with prejudice to their being asserted again until the Heck conditions are met.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on June 1, 2022.

Ronald G. Morgan
United States Magistrate Judge